IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES BROWN, et al., ) | |
| ) | Case No. 1:06-CV-00026 |
| Plaintiffs, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| TELEDYNE CONTINENTAL MOTORS, INC., ) | |
| ) | |
| Defendant. ) | MEMORANDUM AND ORDER |
| ) | |
| ) | |

Before the court are defendant Teledyne Continental Motors, Inc.'s ("Teledyne") unopposed motion for partial summary judgment on plaintiffs James Brown ("Brown") and Teresa Brown's (collectively, the "Browns") design defect, failure to warn and implied warranty claims [Docket No. 29] and Teledyne's motion for partial summary judgment on certain damages sought by the Browns [Docket No. 30]. Teledyne also filed a motion in limine concerning the same damage claims [Docket No. 22].

For the following reasons, the court grants both of Teledyne's motions for partial summary judgment and its motion in limine.

**I.     Background**

In September 2001, while attempting to take off from Medina Municipal Airport, an alleged engine failure caused Brown to crash-land, sustaining severe injuries. Brown alleges that the engine failure which caused the crash was caused by the failure of an engine component made by Teledyne. In the complaint originally filed in state court, Brown made numerous claims against Teledyne revolving around the alleged failure of the engine component - - that the component was designed defectively, was manufactured defectively, that it breached an implied warranty of merchantability or fitness for intended use, and that Teledyne failed to warn Brown of the problems that caused the component's alleged

failure. Discovery in this case has proceeded, and all three of Brown's experts allege not that the component was in some way defectively designed, but was instead defectively manufactured. None of Brown's experts opine on the presence or absence of warnings or warranties in their opinions.

In a supplemental answer to Teledyne's interrogatories seeking the bases for Brown's damage claims, Brown claimed that the injuries caused by the plane crash have caused losses to RentEquip, Inc. ("REI"), a business principally owned and operated by Brown. The theory advanced by Brown is that the injuries caused by the crash have prevented Brown from expanding REI as it could and would have been, causing millions of dollars in lost potential revenue to REI, and that such losses to REI in some way "reflect" Brown's lost earning capacity.

Teledyne has moved for summary judgment, arguing that Brown's design defect, failure to warn and implied warranty claims fail as a matter of law, and that the lost potential revenue to REI is, as a matter of law, not compensable as damages to Brown.

## II.  Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As the Browns have not filed an opposition to Teledyne's motion for partial summary judgment concerning the design defect, failure to warn and implied warranty claims, the court will treat that motion as unopposed. N.D. OHIO CIV. R. 7.1(g).

### A. Design Defect, Implied Warranty and Failure to Warn Claims

Teledyne's first motion for partial summary judgment is unopposed, and seeks entry of judgment on Brown's claims for defective design, implied warranty and failure to warn. With respect to Brown's design defect claims, Brown must establish that a design defect existed, and that some other "practical and technically feasible alternative" design would have prevented his injuries. OHIO REV. CODE § 2307.75(F); *State Auto Mut. Ins. Co. v. Chrysler Corp.*, 304 N.E.2d 891, 894-95, 36 Ohio St. 2d 151,

-3-

156 (1973). Brown has not produced any evidence that the design of the engine component was in any way defective, and has not presented evidence of any alternative design, much less a "practical and technically feasible" one that would have prevented his injuries. And while a claim for negligent design still exists under Ohio law, Brown has not produced any evidence that any duty owed by Teledyne was breached regarding the design of the component. *McFarland v. Bruno Mach. Corp.*, 626 N.E.2d 659, 661-62, 68 Ohio St. 3d 305, 308 (1994).

With respect to Brown's implied warranty claims for personal injury under Ohio law, the Ohio Product Liability Law has pre-empted all such claims. *Nadel v. Burger King Corp.*, 695 N.E.2d 1185, 1189-90, 119 Ohio App. 3d 578, 585-86 (1997). Finally, with respect to Brown's failure to warn claim, Brown has not produced any evidence establishing the elements of that claim - - that Teledyne knew or should have known about a risk related to the engine component and failed to warn Brown about that risk. OHIO REV. CODE § 2307.76(A)(1). Therefore, the court grants Teledyne's motion for partial summary judgment and enters judgment as a matter of law in favor of Teledyne on Brown's design defect, failure to warn and implied warranty claims.

### B.     Economic Losses to Non-Party Corporations

Teledyne's second motion for partial summary judgment seeking judgment as a matter of law that economic losses to REI allegedly caused by Brown's injuries are not available, is opposed. In the supplemental interrogatory response and in his deposition testimony, Brown introduces what appear to be random, arbitrary figures for economic losses suffered by REI as a result of his injuries, and seeks to claim damages from Teledyne for those losses. Teledyne argues that such damages, if they even exist, were suffered by REI and that Brown cannot therefore sue to recover those damages. The general rule under Ohio law is that acts causing economic loss to corporations create a cause of action for the

corporation, not for the shareholder. *Adair v. Wozniak*, 492 N.E.2d 426, 429, 23 Ohio St. 3d 174, 177-78 (1986); *see also Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.*, 862 F.2d 597, 602-03 (6th Cir. 1988). Injuries to the shareholder in the form of diminished value of ownership are "both duplicative and indirect to the corporation's right of action." *Id.* (citations omitted).

Brown's own testimony indicates that the damages disputed by Teledyne in the instant motion were suffered by *REI*. As such, *Brown* is not entitled to collect those damages. Two cases illustrate this point. The Ohio Court of Appeals, Tenth District, addressed a similar issue in *Westfield Insurance Company v. HULS America, Inc.* 714 N.E.2d 934, 128 Ohio App. 3d 270 (1998). In that case, an insurance company sought damages against the manufacturer of a roof for businesses in a mall that were forced to close because of the defectively leaky roof. In upholding the grant of summary judgment in the manufacturer's favor, the court noted that the damages sought by the insurer were wholly economic losses based on claims of lost business profits because the mall had to be closed. *Id.* at 941, 128 Ohio App. 3d at 282. Because the insurer (and its insured businesses) did not suffer direct property damage as a result of the defectively leaky roof, they could not seek economic losses for that roof. *Id.* (citing OHIO REV. CODE § 2307.79). In this case, not only is REI not seeking compensatory damages for personal injury or damage to property, it is not even a party to this case. Therefore, the claims for REI's alleged economic losses must be rejected as a matter of law.

The Ohio Supreme Court, in *Queen City Terminals, Inc. v. General American Transportation Corporation*, dealt with claims made by the operator of a river and rail terminal and the petroleum corporation that hired the terminal operator to transport and store hazardous materials against the manufacturer of the tanks used to transport the materials, because the tanks failed and led to the closing of the terminal, creating lost profits for both the terminal operator and the petroleum corporation. 653

N.E.2d 661, 73 Ohio St. 3d 609 (1995). In that case, the Ohio Supreme Court held that to recover indirect economic damages from lost profits, the claimant must show that the indirect damages arose from tangible physical injury or property damage suffered by that same claimant. *Id.* at 667, 73 Ohio St. 3d at 615. The terminal operator was allowed to recover lost profits damages because the indirect damages to the terminal operator were caused by the direct property damage that the manufacturer's defective product initially caused. *Id.* at 668, 73 Ohio St. 3d at 616. However, the petroleum corporation's indirect lost profits damages were overturned, on the grounds that the property damage caused by the product defect - -the loss of leaked chemicals - - did not cause the other damages to the petroleum corporation, i.e., the cost to re-route the hazardous chemicals to a different facility. *Id.* at 669, 73 Ohio St. 3d at 616-17.

*Westfield Insurance* and *Queen City Terminals* stand for the proposition that a party may not recover indirect, lost business profits damages on a product liability claim unless that party also suffered direct physical injury or property damage *and* such direct injury caused the indirect lost profits. Implicit in those cases is the idea that only a party that actually suffered the loss may press a damage claim for it. In this case, because REI is not even a party, indirect lost profits damages allegedly suffered by REI as a result of Teledyne's allegedly defective product are unavailable as a matter of law. Even if REI were a party, there would be serious doubts as to whether such damages would be available, since *REI* suffered no direct damages as a result of the allegedly defective product. Either way, *Brown* cannot claim indirect damages allegedly suffered by REI as a result of the crash because those indirect damages were not suffered by Brown. Teledyne's second motion for partial summary judgment is therefore granted. For the same reason, the court grants Teledyne's first motion in limine and orders that all evidence and testimony concerning the alleged losses suffered by REI as a result of Brown's reduced

capacity due to the injuries suffered in the crash is hereby excluded from presentation at trial.

### III.     Conclusion

For the foregoing reasons, the court grants Teledyne's motions for partial summary judgment [Docket Nos. 29, 30]. Judgment as a matter of law is entered for Teledyne on Brown's design defect, failure to warn and implied warranty claims. Brown's damage claim for economic losses and lost profits suffered by REI are excluded as unavailable as a matter of law. Teledyne's first motion in limine [Docket No. 22] is also granted. All evidence and testimony concerning the alleged losses suffered by REI as a result of Brown's reduced capacity due to the injuries suffered in the crash is hereby excluded from presentation at trial.

IT IS SO ORDERED.

                                                          /s/Ann Aldrich  
                                                        ANN ALDRICH  
                                                        UNITED STATES DISTRICT JUDGE

**Dated: November 9, 2006**